UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 06-CV-270-JBC

CALVIN WHITE                                                            PLAINTIFF

**<u>MEMORANDUM OPINION AND ORDER</u>**

STATE OF KENTUCKY, ET AL.                                      DEFENDANTS

Calvin White, a *pro se* plaintiff who lists his most current address as 867 Charles Avenue, Lexington, Kentucky, 40508, has submitted a two-page handwritten complaint [Record No. 1]. He attached to that submission a thick set of miscellaneous documents, none of which are indexed, explained or organized. The documents include, but are not limited to, pleadings from a legal proceeding in the Fayette Circuit Court (Action No 04-CI-0505) in which the plaintiff and the Lexington Fayette Urban County Government ("LFUCG") were parties; plaintiff's tax returns; correspondence; other various papers and documents contained in a large manila envelope.

*Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), permits a district court to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). *Sua sponte* dismissal is also appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d at 480. Under these circumstances, amendment would not be permitted after dismissal to cure such defects.

<u>NAMED DEFENDANTS</u>

The plaintiff names the following defendants:  (1) the State of Kentucky; (2) the LFUCG; (3) Habitat for Humanity; (4) Kentucky Utilities; and (5) Fred Lewis Pack, Jr.

<u>DISCUSSION</u>
1. <u>Insufficiently Pled Claims</u>

The plaintiff states no basis for jurisdiction, other than to say that the defendants violated his Constitutional rights "1,4,5,6,7,9."  Broadly construed, the complaint may fall under 42 U.S.C. § 1983.  To establish a right to relief under § 1983, the plaintiff must plead and prove two essential elements.  He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

The plaintiff provides no factual explanation or background for his claims and offers no statement describing the allegedly unconstitutional action as to any of the named defendants.   His  handwritten entries on page one of his complaint are illegible in part, aside from his use of the phrases "unreasonable seizure" and "trial by jury."  He has simply filed a two-page submission in which he states, in one, two, or three lines on each page, that the defendants violated a broad array of his constitutional rights. In addition, he attaches a thick set of unorganized papers to his filing, apparently expecting the court to weed through his documents and divine the basis of his claims against the LFUCG and the other named defendants.

2

First, the plaintiff has violated not only the letter, but also the spirit, of Fed. R. Civ. P. 8(a) and (e), the latter of which requires that "each averment of a pleading shall be simple, concise and direct."[1]  The complaint is not simple, concise and direct; it is overly vague and broad and fails to inform the named defendants of the claims (or *any* claims) being asserted against them.

When a plaintiff generally alleges that he has been deprived of rights, privileges secured by the federal Constitution and/or federal law, but nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient under § 1983.  *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)).  The plaintiff's allegations do not support a claim under § 1983 and are

---

[1]

Federal Rule of Civil Procedure 8(a) sets forth in pertinent part:

> (a) Claims for Relief.  A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) *a short and plain statement of the grounds upon which the court's jurisdiction depends...(2) a short and plain statement of the claim showing that the pleader is entitled to relief,* and (3) a demand for judgment for the relief the pleader seeks.  Relief in the alternative or of several different types may be demanded.

(Emphasis Added).

Federal Rule of Civil Procedure 8(e) reads, in pertinent part:

(e) Pleading to be Concise and Direct; Consistency.

(1) Each averment of a pleading shall be simple, concise, and direct. . .

3

insufficient to raise a genuine issue of material fact.  *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988); *see also Finklea v. United States*, 2001 WL 103005 (S.D. Ala., Jan. 30, 2001) ( confusing and unclear complaint  which fails to state with particularity what actions performed by any particular defendant give rise to the plaintiff's various claims requires no response, and dismissal of  complaint is appropriate).

Here, the complaint is not specific enough to create an inference that the elements of a claim exist, and fails to explain why the defendants were included in the suit or what alleged acts formed the basis of liability for each defendant. The complaint warrants dismissal without prejudice in order to afford the plaintiff the opportunity to re-file the lawsuit,  if appropriate.  *Boswell v. Honorable Governor of Texas*, 138 F. Supp.2d 782 (N.D. Texas, Sept. 19, 2000), "in the end, '[i]t is not the Court's place to speculate or imagine what the plaintiff's claims may be.'"  *Id.* at 785 (citing *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Texas 1990)).

Second, the plaintiff's filing of disorganized exhibits does not bolster or "save" his inadequate complaint.  It is not the job of the court or the parties to "guess" what the exact claims are by weeding through disorganized exhibits.  Under Fed. R. Civ. P. 8 and  *Boswell*, 138 F. Supp. at 786, merely attaching a garbled assembly of papers will not suffice to save a patently deficient complaint.  When a plaintiff has "...adopted what can be described as a 'shot-gun' approach," the complaint is not in compliance with Rule 8.  *Id.*  When a court cannot fully determine the nature of a plaintiff's claims without resorting to improper speculation and the confusing nature of the claims would

4

force the defendants to speculate as to the nature of the claims, thus handicapping the

defendants and effectively making them unable to fairly defend the lawsuit, the

complaint should be dismissed without prejudice.  *Boswell*, 138 F.Supp. at 785 (citing

*Good v. Allain*, 823 F.2d 64, 67 (5th Cir. 1987); *Moawad v. Childs*, 673 F.2d 850, 851

(5th Cir. 1982)).

The duty to construe *pro se* submissions likewise does not require the court to

assume the role of advocate on a *pro se* litigant's behalf.  *See Berridge v. Heiser*, 993

F.Supp. 1136, 1146 (S.D. Ohio 1997).  While this court recognizes and adheres to the

rule that *pro se* litigants are to be held to less stringent standards than trained lawyers,

and that a *pro se* complaint is to be given generous construction, *Haines v. Kerner*, 404

U.S. 519 (1972), this Court also recognizes that "the principles requiring generous

construction of *pro se* complaints are not, however, without limits."  *Beaudette v. City*

*of Hampton*, 775 F.2d 1274 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088, 106 S.Ct. 1475

89 L.Ed.2d 729 (1986).

> *Gordon* [v. Leeke, 574 F.2d 1147 (4th Cir. 1978)] directs district courts to
> construe *pro se* complaints liberally.  It does not require those courts to
> conjure up questions never squarely presented to them.  District Judges
> are not mind readers.

*Beaudette* at 1278.  Here, the plaintiff's submission is woefully deficient.


## 2. Abstention Doctrine

On September 5, 2006, less than two weeks after he filed his initial complaint in

this court, the plaintiff filed a "Motion for Protective Order to Restrain Defendants from

Taking Further Action and to Rescind Any Action Taken after the Complaint Was Filed by Calvin White" [Record No. 3]. Attached to that motion is an "Order Confirming Report of Sale, for Delivery of Deed and for Distribution of Proceeds" which Judge Gary D. Payne, Fayette Circuit Judge, Second Division, entered on August 31, 2006 in Case No. 05-CI-2261, *Fred Lewis Pack, Jr. V. Calvin Wayne White, et al.*

The "Order Confirming Report of Sale" implies that Plaintiff White has filed the instant § 1983 proceeding in an effort to circumvent, or to collaterally challenge in this court, what appears to be a real-estate foreclosure action filed against him in the Fayette Circuit Court. Given these circumstances, the court must abstain from considering such a challenge under *Younger v. Harris*, 401 U.S. 37 (1971).

Under *Younger*, and *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987), federal courts must abstain from hearing challenges to pending state proceedings where the state's interest is so important that exercising federal jurisdiction would disrupt the comity between federal and state courts. *Id.* at 17. Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir.1996).

Here, *Younger* abstention is appropriate, as there is an ongoing state proceeding in the Fayette Circuit Court; the plaintiff had an opportunity to raise any objections to the foreclosure in that proceeding; and the Commonwealth of Kentucky

6

has a legitimate and important state interest in control over foreclosure proceedings in its state courts. *Younger* abstention in this case will prevent interference with the state foreclosure proceeding in Fayette Circuit Court.

In sum, the plaintiff has failed to state any claim against the defendants. Dismissal with prejudice is required. Fed. R. Civ. P. 12(b)(6). In light of the dismissal, the plaintiff's "Motion for Protective Order" [Record No. 3] will be denied as moot.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)    The plaintiff's "Motion for Protective Order" [Record No. 3] is **DENIED** as **MOOT**;

(1)    The complaint in this action [06-CV-270-JBC] is **DISMISSED WITH PREJUDICE**.

(2)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

Signed on September 6, 2006



JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY